UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

MARIANO PINEDA-CABELLERO )
)
   Plaintiff, ) CIVIL ACTION NO. 5:11-126-KKC
)
V. )
) **MEMORANDUM OPINION**
UNITED STATES MARSHALS ) **AND ORDER**
SERVICE, )
)
   Defendant.

   \*\*   \*\*   \*\*   \*\*   \*\*

Plaintiff Mariano Pineda-Cabellero, currently confined in the Edgefield Federal Correctional Institution, located in Edgefield, South Carolina, has filed this *pro se* civil rights action asserting claims construed as falling under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Pineda-Cabellero demands that United States Marshals Service ("USMS") return $50,000.00 which it seized from his sister in November 2006, which money was to serve as his bail collateral.

  As Pineda-Cabellero has been granted pauper status by separate Order, and is asserting claims against the USMS, a federal governmental entity, the Court now screens his Complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e). Both of these sections require a district court to dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *Id*.; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).[1] For the reasons discussed

---

[1] A *pro se* pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief.

below, the Court will dismiss the Complaint and direct the Clerk to file a copy of it in *United States v. Pineda-Cabellero*, 5:06-CR-00197-JMH-2, docketing it therein as a "Motion for Return of Seized Money, Pursuant to Federal Rule of Criminal Procedure 41(g)," for further disposition in that criminal proceeding.

## ALLEGATIONS OF THE COMPLAINT

Pineda-Cabellero alleges that on November 17, 2006, after being criminally charged in this Court,[2] his sister in Mexico, Rosa Pineda-Cabellero, sold her all of her property, consisting of "cars, land, etc." in order to obtain $50,000.00 to post as his bail. [D. E. No. 2, p. 2]. When Pineda-Cabellero's wife received the money and brought it to the Lexington, Kentucky, federal courthouse to post it for his bail, the USMS seized it from her, claiming that it was drug money.

Pineda-Cabellero states that in June 2007, his criminal attorney, Jeff Darling, informed him that he had sent "all documents" to the USMS; that the seized money was sent to West Virginia, "where all drugs, currency, etc. is held;" and that he (Pineda-Cabellero) would receive the money in two weeks. *Id*., p. 3. Pineda-Cabellero alleges that the "last time [he] heard anything was about January 2010," *id*., but he did not specify *what* he heard at that time.

Pineda-Cabellero states that his sister provided Darling with documentation showing that the $50,000.00 was not derived from "drug money." He has now filed this civil action, demanding that the USMS return the money. *Id*., p. 8.

---

28 U.S.C. § 1915(e)(2)(B).

[2]On December 18, 2007, Pineda-Cabellero pleaded guilty in this Court to committing federal drug offenses in violation of 21 U.S.C. § 846, and was sentenced to a 84-month term of imprisonment, which he is currently serving. *See United States v. Pineda-Cabellero*, 5:06-CR-00197-JMH-2 (E.D. Ky.).

## DISCUSSION

To the extent that Pineda-Cabellero's Complaint is construed as falling under *Bivens*, he is not entitled to relief. In *Bivens*, the Supreme Court held that a plaintiff could recover damages from federal agents for injuries allegedly inflicted in violation of the individual's Fourth Amendment rights. *Bivens*, 403 U.S. at 392-97. But while a *Bivens* action may be brought against individual federal officials, it may not be brought against federal agencies. *FDIC v. Meyer*, 510 U.S. 471, 485-86 (1994); *Smith v. FBI*, 22 F. App'x 523, 524 (6th Cir. 2001).

Because Pineda-Cabellero has named the USMS as the sole defendant, and because the USMS is a federal agency, any construed *Bivens* claims against it are barred by the doctrine of sovereign immunity. *Fagan v. Luttrell*, 225 F.3d 658, 2000 WL 876775, at *3 (6th Cir. June 22, 2000) (Table); *Culliver v. Corrections Corp. Of America,* 211 F. 3d 1268, 2000 WL 554078, at *2 (6th Cir. April 28, 2000) (Table).

Second, Pineda-Cabellero failed to bring this construed *Bivens* action within the applicable statute of limitations. Federal law requires a plaintiff to file a civil rights action within the applicable statute of limitations period. "For purposes of determining applicable statutes of limitations in *Bivens* actions, we apply the most analogous statute of limitations from the state where the events giving rise to the claim occurred." *Baker v. Mukasey*, 287 F. App'x 422, 424 (6th Cir. 2008).

In Kentucky, the applicable statute to be borrowed for civil rights claims is the one-year statute of limitations for tort claims found in Ky. Rev. Stat. § 413.140(1)(a). *See Baker*, 287 F. App'x at 424; *Fox v. DeSoto*, 489 F.3d 227, 232-33 (6th Cir. 2007). The actions about which

Pineda-Cabellero complains allegedly occurred as early as November of 2006, and as late as June 2007. Therefore, Pineda-Cabellero was required to file suit within one year by no later than June 2008, since by that time he clearly knew or had reason to know of the alleged property deprivation. *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005) (a statute of limitations begins to run when a plaintiff has reason to know of the alleged constitutional injury).

Alternatively, any construed claim of property deprivation under the Federal Tort Claims Act, ("the FTCA") 28 U.S.C. §§ 1346(b), 2671-2680, must be dismissed without prejudice. The FTCA is a limited waiver of sovereign immunity which permits an action against the United States for wrongful acts committed by its employees during the course of their employment. *See Fitch v. United States*, 513 F.2d 1013, 1015 (6th Cir. 1975); *United States v. Orleans*, 425 U.S. 807, 813 (1975). It is the exclusive remedy for such acts or omissions. 28 U.S.C. § 2679.

An FTCA action is barred, however, unless (1) an administrative claim is presented to the appropriate federal agency for administrative settlement within two years of its accrual, and (2) the agency has denied the claim. 28 U.S.C. § 2675(a); *Garrett v. United States*, 640 F.2d 24, 25 (6th Cir. 1981). A claimant must then commence an action in federal court within six months of the agency's denial of the claim. 28 U.S.C. § 2401(b); *Blakely v. United States*, 276 F.3d 853, 865 (6th Cir. 2002). Compliance with these statutory conditions is a jurisdictional prerequisite to the filing suit under the FTCA in a federal court. *Rogers v. United States*, 675 F.2d 123 (6th Cir.1982); *Garrett,* 640 F.2d at 25.

In other words, timely and complete administrative exhaustion and compliance with the FTCA's two statutes of limitations are conditions of the FTCA's waiver of sovereign immunity.

*United States v. Kubrick*, 444 U.S. 111, 117-18 (1979). If the plaintiff fails to both file an administrative claim **and** receive a denial from the agency before filing suit, a district court must dismiss the FTCA claim against the United States. *McNeil v. United States*, 508 U.S. 106 (1993). The plaintiff has the burden of demonstrating subject matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

Although Pineda-Cabellero alleges that his attorney "sent all documents to the U.S. Marshalls {sic}," [D. E. No. 2, p. 3], he did not attach documentation showing compliance with the FTCA's preliminary administrative steps. Therefore, he has not established this Court's subject matter jurisdiction over any construed FTCA claim. As Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," the Court will dismiss Pineda-Cabellero's construed FTCA claims without prejudice to him- or his sister, from whom the money was seized- asserting a properly documented and timely FTCA claim against the United States.

Even so, an FTCA claim by Pineda-Cabellero may be pre-empted by a dispositive ruling in his criminal proceeding. Federal Rule of Criminal Procedure 41(g), (former Rule 41(e)), provides in pertinent part: "A person aggrieved by an unlawful search and seizure of property *or by the deprivation of property* may move for the property's return." (emphasis added).

This provision governs legal seizures of property, as well as illegal seizures of property. *See Perez-Colon v.. Camacho*, 206 F. App'x. 1, 4 (1st Cir. 2006). "[I]t is the government's burden after the termination of criminal proceedings to demonstrate that return of property is not warranted, and one way that the government may meet this burden is to show 'a cognizable

5

claim of ownership or right to possession adverse to that of the movant.'" *Id*., quoting *United States v. Chambers*, 192 F.3d 374, 377 (3rd Cir. 1999).[3]

Redress under Rule 41(g) is not available to challenge the result of a civil forfeiture. *See* Fed. R. Crim. P. 1(a)(5)(B) (former version at Rule 54(b)(5)); *Shaw v. United States*, 891 F.2d 602, 603 (6th Cir.1989). But it does not appear from the docket sheet of Pineda-Cabellero's criminal proceeding that the United States commenced a forfeiture proceeding as to the seized $50,000.00, possibly because the USMS allegedly seized the money from Pineda-Cabellero's sister, not Pineda-Cabellero himself.

While Rosa Pineda-Cabellero may be the real party in interest as to the recovery of the $50,000.00, not Pineda-Cabellero, in an abundance of caution, the Court will direct the Clerk to file a copy of the instant Complaint in *United States v. Pineda-Cabellero*, 5:06-CR-00197-JMH-2, docketing it as a "Construed Motion for Return of Seized Money, Pursuant to Federal Rule of Criminal Procedure 41(g)," for further disposition in that criminal proceeding.

## CONCLUSION

Accordingly, for the reasons stated above, **IT IS ORDERED** as follows:

(1) The construed constitutional claims under 28 U.S.C. § 1331, in Plaintiff Mariano Pineda-Cabellero's Complaint, [D. E. No. 2], are **DISMISSED WITH PREJUDICE**;

(2) The construed claims under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, in Pineda-Cabellero's Complaint, [D. E. No. 2], are **DISMISSED WITHOUT**

---

[3]Rule 41(g) does not waive the government's sovereign immunity to claims for money damages. *See*, *e.g.*, *Clymore v. United States*, 415 F.3d 1113, 1120 (10th Cir. 2005); *Adeleke v. United States*, 355 F.3d 144, 151 (2d Cir. 2004); *McBean v. United States*, 23 F. App'x 853, 855 (6th Cir. 2002); *United States v. Potes Ramirez*, 260 F.3d 1310, 1316 (11th Cir. 2001).

**PREJUDICE**;

(3) The Clerk of the Court is **DIRECTED** to file a copy of the instant Complaint [D. E. No. 2] in *United States v. Pineda-Cabellero*, 5:06-CR-00197-JMH-2 [E.D. Ky.], docketing it as a "Construed Motion for Return of Seized Money, Pursuant to Federal Rule of Criminal Procedure 41(g)," and cross-referencing this Memorandum Opinion and Order, for further disposition in that criminal proceeding,.

(4) This action is **DISMISSED** from the docket of the Court; and

(5) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendant, the United States Marshals Service.

Dated this 18th day of April, 2011.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge